UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
BENSON EVERETT LEGG
United States District Judge

September 25, 2000

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

MEMORANDUM TO COUNSEL RE:    Hayfield, Inc. v.
Williams Communications, Inc., et al.
Civil #L-00-422

Dear Counsel:

I have read the papers filed by both sides concerning the alleged misconduct of Mr. Beach and Mr. Kirtland during the depositions of Charles Ulevich. I have also skimmed the deposition transcript in its entirety. Here are my observations:

1) Most of the deposition proceeded uneventfully.

2) The deposition was too long.

3) Mr. Beach did at times interpose too many objections. For example, the questions, "What Mangiones have you had dealings with in connection with Hayfield, not Turf Valley but Hayfield?" and "Do you have to run all decisions that you make by Pete Mangione regarding operations?" are comprehensible and should have been answered by the witness without fanfare. Counsel defending a deposition may not act like a Greek chorus commenting on and editing the questions. Counsel would not be permitted to do so at trial and may not do so at a deposition.

In my view, it is a rare deposition that should last more than three to four hours. I hereby impose on all future depositions a time limit of four hours unless counsel agree to a greater time. The four hours are exclusive of breaks. During the depositions, Mr. Beach may not (i) lodge a speaking objection, (ii) instruct a witness not to answer a question on the grounds of irrelevancy, or (iii) on grounds that a question is ambiguous; if the witness finds the question ambiguous, the witness may say so.

Despite the informal nature of this Memorandum, it shall constitute an Order of Court and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg

c:    Court file