IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAYFIELD, INC      :
            :
v.            : CIVIL NO. L-00-422
            :
WILLIAMS COMMUNICATIONS, :
ET AL          :

ORDER

  Before the Court is Plaintiff's Motion to Compel responses to interrogatories from Defendant, Williams Communications ("Williams"). To resolve the motion, on November 9, 2000 this Court held a telephone conference on the record attended by counsel for Hayfield and Williams. Plaintiff's Motion to Compel is GRANTED in PART and DENIED in PART.

  In its motion, Hayfield seeks answers to fifteen interrogatories. Following a meeting between Hayfield and Williams, Hayfield filed a Rule 104.7 Certification Regarding Hayfield's Motion to Compel, in which Hayfield stated that the parties had resolved the issues surrounding eight interrogatories. Plaintiff's motion to compel, with respect to interrogatory nos. 1, 4, 11, 12, 15, 16, 18, and 21, is therefore DISMISSED as MOOT.

  The following addresses the remaining seven interrogatories:
1. Interrogatory No. 2

  Hayfield requests that Williams "identify all agents, representatives, and/or employees of Williams, Michels and/or



Mears who had any direct contact with Hayfield officers, employees, agents and/or representatives from 6/1/99 to 10/1/99 . . ." At the telephone conference, Hayfield explained that the purpose of this interrogatory was to identify any admissions made by Hayfield.

Williams objects that the interrogatory is overbroad and unduly burdensome. Williams further argues that Hayfield had the opportunity to take nine depositions of Williams employees where this information could have been discovered.

The motion is DENIED because Hayfield has been able to take depositions on the issue. At the telephone conference, Hayfield identified three Hayfield employees who worked with Williams during the four-month period in 1999. Williams stated that Hayfield has already taken depositions of anyone who had contact with the three Hayfield employees. The depositions should provide Hayfield with sufficient information regarding any admissions. If Williams seeks to admit testimony at trial regarding an admission of Hayfield, and that admission should have been disclosed in response to a deposition question, the testimony will be excluded.

2. Interrogatory No. 3

In this interrogatory, Hayfield essentially seeks information about what activities Williams conducted on the site. Williams argues that Hayfield deposed a number of people about

this subject, including the head of the drilling crew, two people with drilling authority, and Williams' corporate project managers. Because Hayfield was able to obtain information about Williams' activities on the Hayfield site through these depositions, Hayfield's motion to compel, with respect to interrogatory three, is DENIED.

3. Interrogatory No. 5

Hayfield requests that Williams describe any discussions between Williams and Hatfield representatives in September 1999. Because this is essentially the same request as interrogatory two, Hayfield's motion to compel, with respect to interrogatory five, is DISMISSED as MOOT.

4. Interrogatory No. 10

In this interrogatory, Hayfield seeks information pertaining to any agreements regarding the installment of Williams' lines or structures on the Hayfield site, between August 1, 1999 and October 30, 1999. Williams argues that the term "agreements" is ambiguous.

The Court will modify the interrogatory to read: Explain the legal basis for Williams' activities on Hayfield property. Williams is DIRECTED to respond to this modified interrogatory.

5. Interrogatory No. 13

Hayfield seeks any contracts between Williams and Mears, Redding, and Michel for work performed on the Hayfield site in

1999. Williams has agreed to produce the documents. Hayfield's motion to compel, with respect to interrogatory thirteen, is DISMISSED as MOOT.

6. Interrogatory No. 14

Hayfield requests that Williams "identify all documents which relate in any way to your dispute with Hayfield concerning your desire to install communications and/or other lines, conduits and/or structures on, at and/or under the Hayfield site in 1999." Williams argues that the interrogatory is overbroad and unduly burdensome. Specifically, the term "relate in any way" is broad, burdensome, vague, and ambiguous.

The reduce the burden to Williams, the Court will narrow the scope of Hayfield's interrogatory by changing the term "relate in any way to" to "refer to." Williams must produce any such documents between Williams and Hayfield or between Williams and a third party, in addition to any internal Williams corporate communications.

7. Interrogatory No. 17

Hayfield requests that Williams disclose any reasons why Williams believes there was no agreement between the parties. Williams answered that there was no contract between the parties because they did not form a binding agreement.

Because Williams has answered Hayfield's request, Hayfield's motion to compel, with respect to interrogatory seventeen, is

DISMISSED as MOOT.

It is so ORDERED this ___ day of November, 2000.

                                                  _____
                                                  Benson Everett Legg
                                                  United States District Judge