# FULBRIGHT & JAWORSKI L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
801 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2615

TELEPHONE: 202/662-0200
FACSIMILE: 202/662-4643

WRITER'S INTERNET ADDRESS:
mkirtland@fulbright.com

WRITER'S DIRECT DIAL NUMBER:
202/662-4659

HOUSTON
WASHINGTON, D.C.
AUSTIN
SAN ANTONIO
DALLAS
NEW YORK
LOS ANGELES
MINNEAPOLIS
LONDON
HONG KONG

April 3, 2001

**VIA FEDERAL EXPRESS**

Honorable Judge Benson Everett Legg
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:   **Hayfield, Inc. v. Williams Communications, et al., Civil No. L-00-422**

Dear Judge Legg:

This responds to Plaintiff Hayfield, Inc.'s erroneous contention in its March 26, 2001 Status Report that it is entitled to reopen the deposition of Robert Stern, an employee of defendant Mears/HDD, Inc. ("Mears"). Plaintiff claims that this reopening is justified because Mears produced certain documents on March 16, 2001 that purportedly should have been produced prior to Mr. Stern's October 18, 2000 deposition. According to Plaintiff, these documents were "within the document description contained in a subpoena for Mears documents served prior to the deposition of the Mears representative." This contention is entirely incorrect.

At no time has Plaintiff served Mears (or co-defendants Williams Communications, Inc. ("Williams") or Michels Pipeline Construction, Inc. ("Michels")) with either a subpoena duces tecum for production of documents or a Fed. R. Civ. P. 34 document request. Instead, Plaintiff opted to request production of documents only through the use of Fed. R. Civ. P. 45 subpoenas duces tecum directed to various individual deponents such as Mr. Stern. On October 18, 2000[1], in response to such a subpoena, Mr. Stern produced at his deposition all responsive documents within his custody and control. Mr. Stern, a drill operator, did not have at that time, nor has he had at any other time, custody or control over the Mears corporate documents produced on March 16, 2001. Nor did Plaintiff's subpoena duces tecum purport to require Mr. Stern to produce Mears' corporate documents. If Plaintiff wanted to inspect and copy Mears' corporate documents prior to Mr. Stern's deposition, the proper course would have been to serve Mears with a Rule 34 document request. Mears then would have had 30 days to produce any responsive documents. No such document request was propounded, however, and it is improper for Plaintiff now to attempt to cure this

---

[1] Fact discovery closed on October 16, 2001. Mr. Stern consented to schedule his deposition after the close of fact discovery.

*[Handwritten annotation: Fact discovery is over. No deposition will be reopened. B. Legg 4/4/01]*

#30026678v1<

April 3, 2001
Page 2

omission by arguing that Mears was required to produce its documents in response to a Rule 45 subpoena directed towards Mr. Stern. Plaintiff offers no authority for its argument.

Morever, Plaintiff has suffered no prejudice by the March 16, 2001 production of the Mears documents. First, these documents were not even required to be produced until after fact discovery closed on October 16, 2001.[2] Second, Plaintiff took no expert depositions between November 9, 2000 and March 16, 2001 and therefore had no need for these documents. Third, dispositive pretrial motions are not required to be submitted until May 14, 2001 and no trial date is yet scheduled. There certainly is sufficient time for Plaintiff to review the Mears documents produced on March 16, 2001 and put them to any proper use it deems necessary.

In light of the foregoing, Plaintiff was not entitled to the Mears documents prior to Mr. Stern's deposition and, therefore, Plaintiff's request to reopen Mr. Stern's deposition should be denied.

Very truly yours,

Matthew H. Kirtland

cc:   Thomas C. Beach, III, (via U.S. mail)

---

[2]   As the Court may recall, Plaintiff served a set of interrogatories directed **solely to Williams** that required Williams, inter alia, to: "Identify all documents which relate in any way to your dispute with Hayfield. . ." Williams objected to this interrogatory because it was overly broad and unduly burdensome. Ruling on Plaintiff's subsequent Motion to Compel, the Court on November 9, 2000 modified this interrogatory and ordered Williams **and Michels and Mears** to identify or produce any documents responsive to the interrogatory as modified. Prior to this order, Mears had no obligation to produce any documents.

#30026678v1<