```
                                                          FILED
                                                    U.S. DISTRICT COURT
            IN THE UNITED STATES DISTRICT COURT   DISTRICT OF MARYLAND
               FOR THE DISTRICT OF MARYLAND
                                                   2002 JUL 18  P 12: 27
                      (Northern Division)
```

| | | | |
|---|---|---|---|
| **HAYFIELD, INC.,** | * | CLERK'S OFFICE | |
| | | AT BALTIMORE | |
| **Plaintiff,** | * | _____DEPUTY | |
| v. | * | Civil Action No. L-00-422 | |
| **WILLIAMS COMMUNICATIONS, INC., et al.,** | * | | |
| | * | | |
| **Defendants.** | | | |

* * * * * * * * * * * * *

## PRETRIAL ORDER

*[Contains Plaintiff's Deposition counter-designations/corrections 7/16/02]*

Plaintiff, Hayfield, Inc. ("Hayfield"), and Defendants, Williams Communications, Inc. ("Williams"), Michels Pipeline Construction, Inc. ("Michels"); J. C. Redding ("Redding") and Mears/HDD, Inc. ("Mears"), by respective counsel, submit this Pretrial Order pursuant to Local Rule 106 and this Court's February 28, 2002 Scheduling Order.

    a.    **Plaintiff's Statement Of Facts And Legal Theories**

        1.    <u>Facts</u>

This case arises from events surrounding Defendant Williams' refusal to abide by its obligation to pay Hayfield $900,000.00 in accordance with its agreement, after Williams and its contractors accepted the full benefit of that agreement by completing installation of fiber a optic cable across Hayfield's Golf Course and Country Club.

In 1998 and 1999, Williams was installing a fiber optic communications cable from Houston, Texas to New York State, part of which traversed the State of Maryland. Incident to that cable installation, Williams contacted the Plaintiff, Hayfield, in the late summer of

*(marginal handwritten notes: "July 17, 2002 / Benson Legg / USDJ / Approved")*